IN THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC. | 2:17-cv-00706 |
| v. | |
| JOHN DOES 1-5 | |

**DECLARATION OF DANIEL ARHEIDT
IN SUPPORT OF MOTION FOR LEAVE TO TAKE DISCOVERY
PRIOR TO RULE 26 CONFERENCE**

I, Daniel Arheidt, hereby declare and state as follows:

1. My name is Daniel Arheidt. I am over the age of 18 and am otherwise competent to make this declaration. This declaration is based on my personal knowledge.

2. I have been retained as a consultant by Maverickeye UG ("MEU"), a company incorporated in Stuttgart and organized and existing under the laws of Germany, in its technical department. MEU is in the business of providing forensic investigation services to copyright owners. As a part of my regular duties I oversee the database and records maintained by MEU.

3. MEU monitors peer-to-peer/BitTorrent networks for acts of distribution of Plaintiff's motion picture through the use of proprietary MaverikMonitor™ software.

4. When MaverikMonitor finds an IP address distributing Plaintiff's motion picture (hereinafter "an infringing IP address"), a direct connection is made to that computer and a portion of the infringing file is downloaded. MaverikMonitor also records the exact time of the connection and other available information broadcast by the infringing IP address.

5. This evidence is then saved on a secure server in indexed evidence logs.

6. To confirm the infringing activity, the data downloaded from each infringing IP address is matched to the complete file and a full copy of the motion picture being distributed is compared with a DVD of the original motion picture confirming the infringing IP address is in fact distributing Plaintiff's motion picture.

7. The software uses geolocation functionality to determine the location of each infringing IP address under investigation. The geolocation data for the infringing IP addresses in this lawsuit are set forth on Exhibit A to the Complaint.

8. The software reviews publicly available and searchable data to identify the Internet Service Provider ("ISP") responsible for each infringing IP address.

9. I have reviewed the MaverikMonitor evidence logs, and can confirm the records of infringing activity set forth on Exhibit B to the Complaint, including IP addresses, times, and hash values, accurately reflect instances of actual observed distribution of Plaintiff's motion picture by the infringing IP addresses.

10. Publicly available databases do not permit MEU to identify a specific subscriber as such records are maintained by the ISP.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __21__ day of __February__, 2017.

Daniel Arheidt